Victor J. Sandoval
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
562-534-5907
victor@almeidalawgroup.com

[Additional Counsel on Signature Page]

*Counsel for Plaintiff & Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSTLE LAICH, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>COVE SURF COMPANY, INC. d/b/a COVE USA,<br><br>Defendant. | Case No. 8:26-cv-00789<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW, BUS. & PROF. CODE § 17500 *et seq.*<br>2. VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, CIV. CODE § 1750 *et seq.*<br>3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200, *et seq.*<br>4. BREACH OF CONTRACT<br>5. BREACH OF EXPRESS WARRANTY<br>6. BREACH OF IMPLIED WARRANTY<br>7. QUASI-CONTRACT/UNJUST ENRICHMENT<br>8. NEGLIGENT MISREPRESENTATION<br>9. INTENTIONAL MISREPRESENTATION<br><br>**DEMAND FOR JURY TRIAL** |

-1-

CLASS ACTION COMPLAINT

Plaintiff Rustle Laich ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action lawsuit against Cove Surf Company, Inc., d/b/a Cove USA ("Cove" or "Defendant") and alleges, upon personal knowledge as to his own actions and his counsel's investigation and upon information and good faith belief as to all other matters, as follows:

## I.    INTRODUCTION

1.    Cove markets apparel (the "Products") through the Cove brand and on the website www.shopcoveusa.com (the "Website"). It engages in fake sales.

2.    Advertised "sales" are important to consumers. They are more likely to make purchases if they think that they are getting a discount. Further, if consumers think a discounted price will not last, they are likely to buy immediately, rather than wait, or comparison shop, and ultimately buy something else.

3.    While there is nothing wrong with a legitimate sale, a fake sale—that is, a "sale" with fake regular prices, fake discounts, and fake expirations—is illegal and deceptive.

4.    Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes falsely claiming that a product is on sale, when it is not.

5.    Moreover, Section 17501 of California's False Advertising Law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertisement. Cal. Bus. & Prof. Code § 17501.

6.    Accordingly, in addition to generally prohibiting false and misleading fake discounts, California's False Advertising Law also specifically prohibits the particular type of fake discount where the advertised former price is not the prevailing price during the past three months.

CLASS ACTION COMPLAINT

7. Further, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

8. Additionally, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," such as ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not so. 16 C.F.R. § 233.1.

9. Fake sales violate these laws.

10. Fake sales also violate California's prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

11. In violation of these laws and California's prohibition on unlawful, unfair, and deceptive business practices, Cove engages in fake sales in its marketing of the Products.

12. Cove lists purported regular prices and advertises purported limited-time discounts from those regular prices. These include discounts offering "X% off" and "X% off sitewide" that are purportedly time-limited and limited to a particular period, such as the holidays or the new year. These discounts are often automatically applied to the Products sitewide or are made by using a discount code. Defendant also advertises that its Products have a lower discount price as compared to a higher, "regular price," or a price shown in grey and/or strikethrough font. Examples are shown below:

*[Remainder of page intentionally blank]*

CLASS ACTION COMPLAINT



*1/28/2026 Capture – Advertising a New Years Sale with up to 60% off sitewide and representing that the sale would end on that date.*



*3/1/2026 Capture – Advertising a New Years Sale with up to 60% off sitewide and representing that the sale would end on that date.*

-4-

CLASS ACTION COMPLAINT

13. Far from being time-limited, however, Defendant's discounts are routinely available.

14. As a result, everything about Defendant's price and purported discount advertising is fake.

15. The regular prices Defendant advertises are not actually Defendant's regular prices, because Defendant's Products are consistently available for less than that. The purported discounts Defendant advertises are not the true discounts the customer is receiving and are often not discounts at all. Nor are the purported discounts time-limited—quite the opposite, they are consistently available.

16. As described in greater detail below, Plaintiff purchased Products from Defendant through the Website. At the time of each purchase, Defendant was actively advertising a sale, representing that the Products Plaintiff purchased were available at a substantial discount from their purported regular prices as advertised by Defendant on the Website.

17. Relying on Defendant's representations, Plaintiff believed that the Products he purchased had a genuine "regular" price and market value equal to that price, that he was receiving a substantial and meaningful discount from that price, and that the opportunity to purchase at the discounted price was available only for a limited time. These reasonable beliefs—each of which was induced by Defendant's advertising—were the direct cause of Plaintiff's decision to purchase from Defendant at the time and price he did.

18. However, Defendant's representations were false. The advertised reference prices were not Defendant's true regular prices, the purported discounts were illusory, and the sales were not time-limited—the discounted prices were simply the prices at which Defendant routinely sold the Products. Had Defendant been truthful, Plaintiff and other consumers would not have purchased the Products, or would have paid less for them.

CLASS ACTION COMPLAINT

19. Plaintiff brings this case on behalf of himself and the other customers who purchased Defendant's Products.

## II. PARTIES

20. Plaintiff is and was at all relevant times, an individual and resident of Los Angeles in Los Angeles County, California. Mr. Laich intends to remain in California and makes his permanent home there.

21. Cove is a corporation organized under the laws of California located at 25956 Commercentre Dr. Lake Forest, CA 92630.

## III. JURISDICTION AND VENUE

22. The exercise of federal subject matter jurisdiction is also appropriate pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), because (i) at least one member of the Class is a citizen of a different state than any Defendant, (ii) there are more than 100 members of the Class, (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iv) none of the exceptions apply to this action.

23. This Court has personal jurisdiction over Defendant because it conducts business in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district.

24. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Products to consumers in this District, including Plaintiff. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sales to Plaintiff.

## IV. FACTUAL ALLEGATIONS

### A. DEFENDANT'S FAKE PRICES AND FAKE DISCOUNTS

25. Defendant manufactures, distributes, markets, and sells the Products.

CLASS ACTION COMPLAINT

26. Defendant creates the false impression that its Products' regular prices are higher than they truly are.

27. On its website and in advertisements, Defendant consistently promotes its Products as being offered at steep discounts from advertised "regular" prices. These discounts offer "X%" off of the regular prices Defendant advertises. These discounts are typically substantial discounts, such as "50%" off or "40%" off.

28. Even though in truth these discounts run in perpetuity, Defendant claims they are only valid for a limited time.

29. Defendant promotes these discounts extensively. They are regularly posted in social media advertisements, in search engine advertisements, in prominent website banners, on Product listing pages displayed alongside Product images, on individual Product pages, and during checkout. Representative screenshots are provided on the following pages:

  

*Captured 3/1/2026 - 24HR Flash Sale -$69 Strikethrough; $29 "Sale"*  *Captured 3/2/2026 - 24HR Flash Sale -$69 Strikethrough; $29 "Sale"*  *Captured 3/3/2026 - 24HR Flash Sale -$69 Strikethrough; $29 "Sale"*

CLASS ACTION COMPLAINT





*Captured 3/3/2026 - Product page for joggers, representing $69 strikethrough price, $29 "sale" price and that this flash sale would end at 11:59 pm*

*Captured 3/4/2026 - Product page for joggers, representing $69 strikethrough price, $29 "sale" price and that this flash sale would end at 11:59 pm*

*Captured 3/7/2026 - Product page for joggers, representing $69 strikethrough price, $29 "sale" price and that this flash sale would end at 11:59 pm*





*Captured 3/9/2026 - Product page for joggers, representing $69 strikethrough price, $29 "sale" price and that this flash sale would end at 11:59 pm*

*Captured 3/23/2026 - Product page for joggers, representing $69 strikethrough price, $29 "sale" price and that this flash sale would end at 11:59 pm*

*Captured 3/23/2026 - Cart page with joggers, representing $69 strikethrough price, $29 "sale" price*

*[Remainder of page intentionally left blank]*

-8-

CLASS ACTION COMPLAINT

30.     Defendant represents that these discounts are available for a limited time only, creating a false sense of urgency designed to pressure consumers into immediate purchases. In reality, the purported sales are perpetual—the discounted prices never expire and are simply the prices at which Defendant routinely sells its Products. For example, as depicted above, Defendant ran an advertisement on Meta on March 1, 2026 representing that a "LIMITED 24HR FLASH SALE" of the joggers for $29 was ongoing.

31.     To reasonable consumers, this means that after March 1, 2026, Defendant's joggers would no longer be on sale and would retail at their purported regular price of $69.

32.     However, as depicted above, Defendant continued to advertise the same "LIMITED 24HR FLASH SALE" for at least the next 48 hours.

33.     Moreover, the joggers have consistently been on "sale" for $29 since (and before) March 1, 2026. And, as evidenced by the screenshots above, Defendant continues to represent that the price will be raised at midnight every night as of the date of this filing—nearly four weeks later.

34.     Similarly, Defendant advertises purported time-limited and/or seasonal sales. However, immediately after each purportedly time-limited sale ends, Defendant generates another similar discount.

35.     For example, in December of 2025, Defendant advertised a purportedly time-limited "up to 60% off sitewide" seasonal "Holiday Sale." An example image is displayed below.

*[Remainder of page intentionally left blank]*

-9-

CLASS ACTION COMPLAINT



36.    However, immediately after the purportedly time-limited seasonal "Holiday Sale" ended, in January 2026, Defendant advertised the exact "up to 60% off sitewide" discount as a "New Years Sale." An example image is displayed below.



*[Remainder of page intentionally left blank]*

-10-

CLASS ACTION COMPLAINT

37.     Additionally, Cove uses fake countdown timers on its purportedly time-limited seasonal sales. For example, on March 23, 2026, Cove advertised that its purportedly time-limited "up to 60% off sitewide" seasonal "Spring Sale" would end at midnight that night, by prominently displaying a timer counting down until midnight on the Website's landing page:



38.     However, after midnight, the countdown clock was immediately reset. And, on March 24, 2026, Cove advertised that its purportedly time-limited "up to 60% off sitewide" seasonal "Spring Sale" would end at midnight that night:



-11-

39. Compounding matters, on individual product pages, Cove consistently represents that the "FLASH SALE (ENDS AT 11:59PM)," despite that the so-called "flash sale" resets the next day.

40. For example, on March 23, 2026, Cove advertised that the 60%-off sale on its Charcoal colored Chino Pants were on "FLASH SALE," and that that sale would "END[] AT 11:59PM:



41. However, after midnight, the same 60%-off sale continued to apply and continued to represent that Cove's Charcoal colored Chino Pants were on "FLASH SALE," and that that sale would "END[] AT 11:59PM:"



-12-

42.    To confirm that Defendant has offered these fake sales consistently during more than the past three months, Plaintiff's counsel reviewed archived snapshots of Defendant's website using the Internet Archive's Wayback Machine.[1] These archived snapshots confirmed that Defendant's fake sales have been offered consistently during more than the past three months.

*[Remainder of page intentionally left blank]*

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/

CLASS ACTION COMPLAINT

**T-Shirts**

*10/15/25 - Tees $35 Strikethrough Price; $25 "Sale" Price*

*2/26/26 - Tees $35 Strikethrough Price; $25 "Sale" Price*

*3/5/26 - Tees $35 Strikethrough Price; $25 "Sale" Price*

*3/23/26 - Tees $35 Strikethrough Price; $25 "Sale" Price*

*10/15/25 - Hoodies $98 Strikethrough Price; $55 "Sale" Price*

*11/8/25 - Hoodies $98 Strikethrough Price; $34 "Sale" Price*



*2/24/26 - Hoodies $98 Strikethrough Price; $35 "Sale" Price*



*3/23/26 - Hoodies $98 Strikethrough Price; $34 "Sale" Price*

CLASS ACTION COMPLAINT

43. Based on Defendant's advertisements, reasonable consumers reasonably believe that the purported regular prices Defendant advertises are Defendant's former prices—the price at which the goods were actually offered for sale before the limited-time offer went into effect.

44. In other words, reasonable consumers reasonably believe that, prior to the purportedly time-limited sale, consumers had to pay the "regular" price to get the Products and did not have the opportunity to get a discount from that "regular" price.

45. Reasonable consumers also reasonably believe that the regular prices Defendant advertises represent the true market value of the Products and are the prevailing prices for those Products.

46. Reasonable consumers also reasonably believe that they are receiving reductions from those purported regular prices in the amounts represented.

47. In truth, however, Defendant persistently offers discounts from the purportedly "regular" prices it advertises.

48. As a result, everything about Defendant's price and purported discount advertising is false.

49. The regular prices Defendant advertises are not Defendant's actual regular or former prices, do not reflect the prevailing prices for the Products, and do not represent the Products' true market value.

50. Defendant's Products are consistently available for less than the purported regular prices, and customers did not have to pay the purported regular prices amount to purchase those items.

51. The purported discounts Defendant advertises are not the actual discount the customer is receiving and are often not a discount at all.

52. Further, Defendant's purported discounts are not limited in time or expiring soon. Quite the opposite, they are consistently available.

-15-

CLASS ACTION COMPLAINT

**B. DEFENDANT'S REGULAR PRICES WERE NOT THE PREVAILING PRICES**

53. The Products are primarily sold through Defendant's branded Website.

54. Indeed, if consumers are searching for a Product, they will go to Defendant's Website. For example, if a consumer Googles "Cove Surf Company, Inc.," the first several results will be related to the Website.

55. Accordingly, because the Products are most commonly sold on Defendant's website, they are most commonly sold for the discounted prices routinely available on Defendant's Website.

56. Thus, the Products routinely and predominantly sell for prices below Defendant's purported regular prices, and the listed regular prices are not the prevailing market rates.

**C. DEFENDANT'S ADVERTISEMENTS ARE UNFAIR, DECEPTIVE, AND UNLAWFUL.**

57. Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be false or misleading—including statements falsely suggesting that a product is on sale, when it is not. Cal. Bus. & Prof. Code § 17500.

58. Moreover, section 17501 of California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

59. In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

60. In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial,

-16-

inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not true. 16 C.F.R. § 233.1.

61.    Finally, California's unfair competition law bans unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

62.    Here, as described in detail above, Defendant makes false and misleading statements about its prices. Defendant advertises "regular" prices that are not its true "regular" prices, or its former prices, and were not the prevailing market price in the three months immediately preceding the advertisement. In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods that had certain former prices and/or market values without the intent to sell goods that had those former prices and/or market values. Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including the existence of steep discounts, and the amounts of price reductions resulting from those discounts. Defendant engaged in unlawful, unfair, and deceptive business practices.

## D.    DEFENDANT'S ADVERTISEMENTS HARM CONSUMERS.

63.    Based on Defendant's advertisements, reasonable consumers would expect that the advertised regular prices reflect the prices at which Defendant ordinarily and customarily sells its Products—that is, the former prices at which the Products were sold before the introduction of the time-limited discount.

64.    Reasonable consumers would further expect that, by purchasing during the sale, they are obtaining a Product whose regular price and market value correspond to the advertised reference price, and that they are receiving the advertised discount from that price.

-17-

CLASS ACTION COMPLAINT

65.   Moreover, consumers are more likely to purchase a Product when they believe it is on sale and that they are obtaining an item of higher regular price and market value at a substantial discount from what they would otherwise pay.

66.   Consumers presented with discounted prices are substantially more likely to complete a purchase. Research consistently shows that two out of three shoppers actively seek discounts, special offers, or more competitively priced items when making purchasing decisions.[2] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

67.   The effect is compounded when consumers believe a discounted price is available only for a limited time. Research has found that limited-time notices create a sense of urgency and heighten the perceived desirability of a product, leading to increased purchase intention.[4] Limited-time discounts impose a deadline on a sale or deal, forcing consumers to decide under time pressure, accelerating their purchase decision-making, and increasing purchase likelihood.[5] Indeed, when consumers are exposed to time-sensitive offers, they tend to perceive those offers as more valuable

---

[2] *Consumer Behavior Trends: 40 Stats for Retail Success* (2026) *available at* https://www.intelligencenode.com/blog/consumer-behavior-buying-trends-2024/

[3] *E.g., RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers*, https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html, archived at https://perma.cc/34N6-N8SZ

[4] Broeder et al.. *Limited-time scarcity and competitive arousal in E-commerce. The International Review of Retail, Distribution and Consumer Research, 32(5),* 549–567 (2022*). available at* https://doi.org/10.1080/09593969.2022.2098360

[5] Tiemessen et al., *The Time is Ticking: The Effect of Limited Time Discounts on Consumers' Buying Behavior and Experience* (2023) *available at* https://gunesacar.net/assets/CHI-EA-23-Time-is-Ticking-Deceptive-Countdown-Timers.pdf

CLASS ACTION COMPLAINT

and credible—precisely the effect that fictitious expiration dates are designed to manufacture.[6]

68.    Defendant's false advertising thus harms consumers in two related ways. First, it induces consumers to make purchases they would not otherwise have made, or would not have made when they did, by presenting fictitious discounts and artificial urgency as genuine. Second, by artificially stimulating consumer demand through these misrepresentations, Defendant is able to command a price premium for its Products that the market would not otherwise support. The prices Plaintiff and the class paid were therefore inflated by Defendant's misrepresentations—absent those misrepresentations, Defendant could not have charged, and Plaintiff and the class would not have paid, the prices they did.

**E.     PLAINTIFF     WAS     MISLED     BY     DEFENDANT'S MISREPRESENTATIONS.**

69.    On February 26, 2026, Plaintiff purchased Chino Pants from Defendant's Website for $45. He made this purchase while living in Los Angeles, California. Defendant's Website represented the Product had a regular price of $98, and that Plaintiff was receiving a discount of $53.

70.    At that time, Defendant was advertising a purportedly time-limited sitewide seasonal sale such as those displayed above. Defendant also utilized fake countdown timers and expiration dates such as those displayed above.

71.    Plaintiff read and relied on Defendant's representations on the Website, including that the Product was being offered at a discount from its advertised regular prices and that the promotional pricing was available for a limited time only. Based on those representations, Plaintiff reasonably understood that the advertised regular prices reflected the prices at which the Product were ordinarily and customarily sold prior to the promotion, that those regular prices represented the true market value of

---

[6] Suvarna et al., *The Effect of Limited-Time Discounts On Consumer Urgency and Purchase Behavior* (2025) *available at* https://eprajournals.com/pdf/fm/jpanel/upload/2025/June/202506-01-022750

CLASS ACTION COMPLAINT

the Product, that he was receiving a genuine discount from those prices, and that the discounted pricing would expire at the conclusion of the limited-time promotion. Plaintiff would not have purchased the Product—or would not have paid the prices he paid—had he known that the Product was not genuinely discounted, that the advertised regular prices were fictitious, and that the purported discount was illusory.

72. Plaintiff faces an imminent threat of future harm. Plaintiff would purchase Products from Defendant again if he could be confident that Defendant's advertised regular prices accurately reflected its genuine former prices and the true market value of its Products, and that its advertised discounts and promotions were truthful. However, absent injunctive relief, Plaintiff has no reliable means of determining which, if any, of Defendant's advertised regular prices, discounts, and promotions are accurate rather than false or deceptive. As a result, Plaintiff cannot rely on Defendant's advertising in the future and is therefore unable to purchase Products from Defendant that he would otherwise wish to buy.

**F.  DEFENDANT BREACHED ITS CONTRACT.**

73. When Plaintiff purchased a Product as described herein, he accepted an offer made by Defendant, forming a binding contract at the moment of purchase. The terms of that offer included a representation that the Product had the listed regular price and corresponding market value advertised on the Website, and a promise to provide that Product at the discounted price advertised at the time of purchase.

74. By advertising specific regular prices and corresponding discounted prices, Defendant represented that the value of the Product it was providing was equal to the advertised regular price, and agreed to provide Plaintiff that Product at a discount equal to the difference between the advertised regular price and the price Plaintiff actually paid.

75. For example, Defendant offered to provide the Chino Pants with a market value of $98, for a discounted price of $45 plus tax; and to provide a discount of $53.

-20-

CLASS ACTION COMPLAINT

76. The regular price and market value of the items Plaintiff would receive, and the amount of the discount he would be provided off of the regular price of those items, were specific and material terms of the contract.

77. Plaintiff performed his obligations under the contracts by paying for the items he purchased.

78. Defendant breached its contracts by failing to provide Plaintiff with a Product that has a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised.

### G. THERE IS NO ADEQUATE REMEDY AT LAW.

79. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

80. A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.

81. For example, Plaintiff's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501.

82. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of his legal claims.

83. As a second example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages. No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

CLASS ACTION COMPLAINT

## V.    CLASS ALLEGATIONS.

84.    Plaintiff brings this proposed class action lawsuit pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class (the "Class") and a California subclass (the "California Subclass"; together with the Class, the "Classes") of all others similarly situated, defined as follows:

a.    **Nationwide Class**: All persons who, within the applicable statute of limitations period, purchased one or more Products advertised at a discount on Defendant's Website.

b.    **California Subclass**: All persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Products advertised at a discount on Defendant's Website.

85.    Excluded from the Classes are: (i) any Judge or Magistrate presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its officers and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) Plaintiff's counsel and Defendant's counsel; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

86.    **Numerosity**: The exact number of members of the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has many thousands of users who fall into the definition of the Classes. Members of the Classes can be identified through Defendant's records.

87.    **Commonality and Predominance**: There are questions of law and fact common to the claims of Plaintiff and the alleged Classes, and those questions predominate over any questions that may affect individual members of the Classes.

-22-

Common questions for the members of the Classes include, but are not necessarily limited to the following:

    a.    whether Defendant made false or misleading statements of fact in its advertisements;

    b.    whether Defendant violated California's consumer protection statutes;

    c.    whether Defendant committed a breach of contract;

    d.    whether Defendant committed a breach of an express or implied warranty;

    e.    damages needed to reasonably compensate Plaintiff and the proposed classes.

88. **Typicality**: Plaintiff's claims are typical of the proposed Classes. Like the proposed Classes, Plaintiff purchased the Products advertised at a discount from Defendant. There are no conflicts of interest between Plaintiff and the Classes.

89. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Classes. That is, Plaintiff and the members of the Classes sustained injuries and damages as a result of Defendant's conduct. Plaintiff also has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any conflicts with or interests adverse to the Classes.

90. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members of the Classes is impracticable. Individual litigation would not be preferable to a class action because individual litigation would increase the delay and expense

-23-

CLASS ACTION COMPLAINT

to all parties due to the complex legal and factual controversies presented in this Complaint as well as the risk of inconsistent adjudication. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Through a class action, economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

91.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definitions" based on facts learned through additional investigation and in discovery.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATIONS OF THE CALIFORNIA'S FALSE ADVERTISING LAW**
**Bus. & Prof. Code §§ 17500 & 17501,** *et seq.*
**(*On Behalf of Plaintiff & the California Subclass*)**

92.     Plaintiff repeats and re-alleges all factual allegations contained in the foregoing paragraphs as if fully set forth herein.

93.     Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

94.     Defendant has violated Sections 17500 and 17501 of the Business and Professions Code.

95.     Defendant has violated, and continues to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and subclass members.

96.     As alleged more fully above, Defendant advertises former prices along with discounts. Defendant does this, for example, by crossing out a higher price (e.g., $98) and displaying it next to a lower, discounted price. Reasonable consumers would understand prices denoted as "regular" prices from which time-limited discounts are calculated to denote "former" prices, i.e., the prices that Defendant charged before the time-limited discount went into effect.

-24-

CLASS ACTION COMPLAINT

97. The prices advertised by Defendant are not Defendant's "regular" prices. In fact, those prices are never Defendant's regular prices (i.e., the price you usually have to pay to get the product in question), because there is always a heavily-advertised promotion ongoing entitling consumers to a discount. Moreover, for the same reasons, those prices were not the former prices of the Products. Accordingly, Defendant's statements about the former prices of its Products, and its statements about its discounts from those former prices, were untrue and misleading. In addition, Defendant's statements that its discounts are "limited time" and only "valid" for a certain time period are false and misleading too.

98. In addition, Defendant has violated, and continues to violate, Section 17501 of the Business and Professions Code by advertising former prices that were not the prevailing market price within three months next immediately preceding the advertising. As explained above, Defendant's advertised "regular" prices, which reasonable consumers would understand to denote former prices, were not the prevailing market prices for the Products within three months preceding publication of the advertisement. And Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed. Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

99. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

100. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

101. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

-25-

CLASS ACTION COMPLAINT

102.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## SECOND CAUSE OF ACTION

**VIOLATION OF CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code § 1750, *et seq.***
**(*On Behalf of Plaintiff & the California Subclass*)**

103.   Plaintiff repeats and re-alleges all factual allegations contained in the foregoing paragraphs as if fully set forth herein.

104.   Plaintiff brings this claim individually and on behalf of the members of the California Subclass.

105.   Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

106.   Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

107.   The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

108.   As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members. Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and by advertising fake discounts.

109.   Defendant violated, and continues to violate, section 1770 of the California Civil Code.

110.   Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that Products offered for sale have

-26-

CLASS ACTION COMPLAINT

characteristics or benefits that they do not have. Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for Products.

111. Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code. Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

112. And Defendant violated, and continues to violate section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available (4) misrepresenting the reason for the sale (e.g., "Christmas Sale," when in fact the sale is ongoing and not limited to Christmas).

113. Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

114. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

115. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

116. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the

CLASS ACTION COMPLAINT

misrepresentation, and/or (c) they received products with market values lower than the promised market values.

117. Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and all other members of the subclass, seeks injunctive relief.

118. CLRA § 1782 NOTICE. On March 31, 2026, a CLRA demand letter was sent to Defendant's registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

119. A CLRA venue declaration is attached.

### THIRD CAUSE OF ACTION

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
***(On Behalf of Plaintiff & the California Subclass)***

120. Plaintiff repeats and re-alleges all factual allegations contained in the foregoing paragraphs as if fully set forth herein.

121. Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

122. Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

123. Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here. In addition, Defendant engaged in unlawful conduct by violating the FTC Act. The FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements. 15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a). As the FTC's

-28-
CLASS ACTION COMPLAINT

regulations make clear, Defendant's false pricing schemes violate the FTC Act. 16 C.F.R. § 233.1, § 233.2.

124. As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false, misleading, and "deceptive."

125. Defendant's representations were misleading to Plaintiff and other reasonable consumers.

126. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

127. As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

128. Defendant violated established public policy by violating the CLRA, the FAL, and the FTC Act, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA, the FAL, and the FTC Act).

129. The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

130. Plaintiff and the subclass could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

131. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

-29-

CLASS ACTION COMPLAINT

132. For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Products. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

133. In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Products.

134. Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass members.

135. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products were sold at the regular price and not at a discount.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT
### (*On Behalf of Plaintiff & the Nationwide Class*)

136. Plaintiff repeats and re-alleges all factual allegations contained in the foregoing paragraphs as if fully set forth herein.

137. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class against Defendant. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

138. Plaintiff and class members entered into contracts with Defendant when they placed orders to purchase Products on Defendant's Website.

139. The contracts provided that Plaintiff and class members would pay Defendant for the Products purchased.

140. The contracts further required that Defendant provides Plaintiff and class members with Products that have a market value equal to the regular prices displayed on the website. They also required that Defendant provide Plaintiff and

-30-

CLASS ACTION COMPLAINT

class members with a discount equal to the difference between the price paid, and the regular prices advertised. These were specific and material terms of the contract.

141. The specific discounts were a specific and material term of each contract.

142. Plaintiff and class members paid Defendant for the Products they purchased, and satisfied all other conditions of their contracts.

143. Defendant breached its contracts with Plaintiff and class members by failing to provide Products that had a "regular" price, former price, and/or prevailing market value equal to the regular price displayed on its website, and by failing to provide the promised discount. Defendant did not provide the discount that it had promised.

144. As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY
### (*On Behalf of Plaintiff & the California Subclass*)

145. Plaintiff repeats and re-alleges all factual allegations contained in the foregoing paragraphs as if fully set forth herein.

146. Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

147. Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

CLASS ACTION COMPLAINT

148. This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty. In fact, the Product's stated market value was not the prevailing market value. Thus, the warranty was breached.

149. Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant on March 31, 2026.

150. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

## SIXTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY
### (*On behalf of Plaintiff & the California Subclass*)

151. Plaintiff and the California Subclass members incorporate the foregoing allegations as if fully set forth herein.

152. Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

153. As described in greater detail above, Defendant impliedly warranted that the Products had a market value equal to the regular price displayed on Defendant's website.

154. This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

155. In fact, the Products did not have a market value equal to the regular price displayed. Thus, the warranty was breached. Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant, on March 31, 2026.

156. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm,

-32-

CLASS ACTION COMPLAINT

because (a) they would not have purchased Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

## SEVENTH CAUSE OF ACTION

### QUASI CONTRACT/UNJUST ENRICHMENT
### (*On behalf of Plaintiff & the Nationwide Class*)

157.   Plaintiff and the California Subclass members incorporate the foregoing allegations as if fully set forth herein.

158.   Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this claim on behalf of himself and the California Subclass.

159.   As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase Products and to pay a price premium for these Products.

160.   In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

161.   Plaintiff and the class seek restitution.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
### (*On behalf of Plaintiff & the California Subclass*)

162.   Plaintiff and the California Subclass members incorporate the foregoing allegations as if fully set forth herein.

163.   Plaintiff brings this cause of action on behalf of himself and the California Subclass.

164.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised.

165.   These representations were false.

-33-

166. When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

167. Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

168. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

169. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

170. Plaintiff and subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## NINTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION
### (On behalf of Plaintiff & the California Subclass)

171. Plaintiff and the California Subclass members incorporate the foregoing allegations as if fully set forth herein.

172. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

173. As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised.

174. These representations were false.

-34-

CLASS ACTION COMPLAINT

175. When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

176. Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

177. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

178. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

179. Plaintiff and subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff and the Classes, and grant the following relief:

a. For an order certifying the Classes and naming Plaintiff as the representatives of the putative Classes and Plaintiff's attorneys as Class Counsel to represent the putative Class members;

b. For an order declaring that the Defendant's conduct violates the statutes and laws referenced herein;

c. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

-35-

CLASS ACTION COMPLAINT

d.  For damages, treble damages, and punitive damages where applicable in an amount to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For injunctive relief, restitution, and disgorgement, as pleaded or as the Court may deem proper;

g.  For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and cost of suit; and

h.  Any additional relief that the Court deems reasonable and just.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

Dated: April 1, 2026                    Respectfully submitted,

/s/ Victor J. Sandoval
Victor J. Sandoval, SBN 344461
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
562-534-5907
victor@almeidalawgroup.com

**JENNINGS & EARLEY PLLC**
Tyler B. Ewigleben*
Winston S. Hudson*
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (601) 270-0197
tyler@jefirm.com
winston@jefirm.com

 * *Pro Hac Vice* forthcoming

*Counsel for Plaintiff & the Proposed Classes*

-36-

CLASS ACTION COMPLAINT